IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

_____

CASEY SEAN TAYLOR,
individually and as the           CAUSE NO. CV 07-55-BU-RFC-JCL
personal representative for
the ESTATE OF GERALDINE TAYLOR,
deceased,

              Plaintiffs,           MEMORANDUM

    vs.

PROPANE SERVICES, INC., a
Montana corporation, and
DOES 1-10,

              Defendants.
_____

    The Court has an independent obligation to inquire into the presence or absence of subject matter jurisdiction sua sponte. *Truth v. Kent School District*, 499 F.3d 999, 1006 (9th Cir. 2007). In this case, the Plaintiff, Casey Sean Taylor, invoked the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a)(1), asserting the requisite diversity of citizenship existed among the parties. Compl., ¶¶ 5-6. Taylor brings the case both individually, and in his representative capacity as personal representative of the Estate of Geraldine Taylor. The operative allegations of the Complaint, however, did not identify the state of citizenship of either Taylor or the decedent Geraldine Taylor. Instead, the pertinent allegations of the

MEMORANDUM - PAGE 1

Complaint merely stated as follows: (1) Casey Sean Taylor "resides" in Danville, California. Compl., ¶ 1; (2) Casey Sean Taylor is the duly appointed personal representative for the Estate of Geraldine Taylor, having been appointed pursuant to Order entered by the Second Judicial District Court, Silver Bow County, Montana. *Id.*; (3) The decedent, Geraldine Taylor, is a "former resident" of Concord, California. *Id.* at ¶ 2; and (4) Geraldine Taylor was injured when a propane tank allegedly exploded outside a house she owned at Georgetown Lake, Montana. *Id.* at ¶ 11. Likewise, the Preliminary Pretrial Statement submitted by Plaintiff Taylor merely stated that the "Plaintiff is a resident of the state of California." Dkt. #13, p. 3.

In order to properly invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), a complaint must set forth the citizenship of the parties. 28 U.S.C. § 1332(a). In this regard, "[i]t is black letter law that, for purposes of diversity, '[r]esidence and citizenship are not the same thing.'" *Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 774 (9th Cir. 1995) (quoting *Mantin v. Broadcast Music, Inc.*, 244 F.2d 204, 206 (9th Cir. 1957)). Domicile, not residence, determines citizenship for purposes of diversity jurisdiction. *Kantor v. Wellesley Gallaries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Additionally, 28 U.S.C. § 1332(c)(2) expressly provides that the legal representative of the estate of a decedent "shall be deemed

to be a citizen only of the same State as the decedent[.]"  28 U.S.C. § 1332(c)(2).

The allegations of the Complaint were deficient with respect to the citizenship of Taylor.  Accordingly, the issue of subject matter jurisdiction was discussed at the preliminary pretrial conference.  Counsel for the Plaintiff requested an opportunity to review the jurisdictional issue as it pertained to the citizenship of Taylor individually, and in his capacity as legal representative of the estate.  On May 7, 2008, Taylor filed, inter alia, an affidavit which sufficiently establishes that at the time the Complaint was filed in this matter, he was a "citizen" of the State of California.  The affidavit also establishes that his mother, Geraldine Taylor, was a "citizen" of the State of California at the time of her death.  The Defendant does not dispute Taylor's statements.  Plaintiff Taylor has now sustained his burden, as the party invoking federal jurisdiction, that complete diversity of citizenship exists among the parties. *See Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

DATED this 13th day of May, 2008.

                              /s/ Jeremiah C. Lynch
                              Jeremiah C. Lynch
                              United States Magistrate Judge